**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. SECURITIES LITIGATION-II | Civil Action No. 06-CV-10040 (MLW) |

**FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS,

A.      Court-appointed Lead Plaintiff, the Mississippi Public Employees' Retirement System ("MPERS," or "Lead Plaintiff"), on behalf of itself and the Settlement Class (as hereinafter defined) (Lead Plaintiff and the Settlement Class may be referred to herein collectively as "Plaintiffs"), and Defendants Sonus Networks, Inc. ("Sonus" or the "Company"), Hassan M. Ahmed, Michael G. Hluchyj, Stephen J. Nill, Gary A. Rogers, Jeffrey Mayersohn, Frank T. Winiarski, Rubin Gruber, Edward T. Anderson, and Anousheh Ansari (the "Individual Defendants") (Sonus and the Individual Defendants may be referred to hereinafter collectively as the "Defendants"; Defendants and Lead Plaintiff or Plaintiffs may be referred to herein collectively as the "Parties") have entered into a Settlement of the claims asserted in the above-captioned consolidated action (the "Action"), on the merits and with prejudice upon the terms and conditions set forth in a Stipulation of Settlement and annexed exhibits dated January 14, 2009 (collectively, the "Settlement Stipulation");

B.      This Court entered an Order certifying the Settlement Class, for settlement purposes only, preliminarily approving the Settlement and providing for Notice to potential Settlement Class Members, scheduling a hearing for June 16, 2009 (the "Final Fairness Hearing"), and providing Settlement Class Members with an opportunity to object to the

proposed Settlement and to be heard at the Fairness Hearing (the "Order For Notice and Hearing");

C.      Notice has been provided to the members of the Settlement Class in accordance with the Order For Notice and Hearing, as evidenced by the Second Affidavit of Peter M. Craig In Connection With Notice By Mailing and Publication, dated June 5, 2009;

D.      The Court held the Final Fairness Hearing on June 16, 2009 to determine whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Stipulation is fair, reasonable, and adequate and should be approved by the Court, and whether a Final Judgment as provided for in the Settlement Stipulation should be entered herein; and

WHEREAS, the Court, having considered all matters submitted to it at the Final Fairness Hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against the Released Parties.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all terms used herein shall have the same meanings as set forth in the Settlement Stipulation.

2.      This Court finds that it has jurisdiction over the subject matter of the Action, including the terms and conditions of the Settlement Stipulation and all exhibits thereto, and over all Parties to the Action and all Settlement Class Members.

3.      The Court finds that the distribution of the Settlement Notice, the publication of the Publication Notice, and the method of providing notice, all implemented in accordance with the terms of the Settlement Stipulation and this Court's Order For Notice and Hearing:

(a)      constituted the best practicable notice to Settlement Class Members under the circumstances of the Action;

(b)      were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of the Action; (ii) their right to request exclusion from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

(c)      were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)      fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rule 23(c) and(d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Settlement Stipulation were the product of substantial, good faith, arm's length negotiations between and among the Parties and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process Clause), the Rules of this

Court, and any other applicable law.  The Parties and their counsel are hereby directed to implement and consummate the Settlement Stipulation according to its terms and provisions.

5.      The Court finds that Lead Plaintiff and all other members of the Settlement Class, as well as their affiliates, heirs, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, and assigns, are bound by the Settlement Stipulation and by this Final Judgment and Order of Dismissal with Prejudice and hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Settlement Class, as certified by the Court for settlement purposes only, means all persons who purchased Sonus common stock during the Settlement Class Period of December 11, 2000 through January 16, 2002, inclusive, and who suffered damages thereby.  Excluded from the Settlement Class are Defendants; members of the immediate family of any Individual Defendant; the affiliates and subsidiaries of Sonus and the officers and directors of Sonus and its affiliates and subsidiaries; any entity in which any excluded person has a controlling interest; and the legal representatives, heirs, controlling persons, successors, and assigns of any excluded person.  Also excluded from the Settlement Class are any persons and/or entities who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the procedures set forth in the Order For Notice and Hearing and also set forth in the Settlement Notice, as identified on Exhibit 1 hereto.

6.      The Action is hereby dismissed on the merits and with prejudice.  The Parties and all persons and entities are to bear their own costs, except as otherwise provided in the Stipulation or this Final Judgment.

7.      Upon the Effective Date, Lead Plaintiff, each and every Settlement Class Member, and any of their affiliates, heirs, agents, attorneys, executors, administrators,

beneficiaries, predecessors, successors or assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released with prejudice, relinquished, and discharged all Settled Claims (including Unknown Claims) against each and all of the Released Parties, whether or not such Settlement Class Member submits a timely and valid Proof of Claim form.

8.      Upon the Effective Date, each of the Defendants, on behalf of themselves and their respective affiliates, heirs, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors and assigns, and any Persons they represent (in their capacities as such) shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members, Lead Plaintiff, Lead Counsel and Plaintiffs' Counsel from all Settled Defendants' Claims (including Unknown Claims).

9.      The Court finds that Lead Counsel and Lead Plaintiff adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for the purposes of negotiating, entering into and implementing the Settlement, and at all times during the pendency of the Action.

10.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.      Nothing in this Final Judgment shall preclude or bar any action or claim to enforce the terms of the Settlement Stipulation as approved by the Court or this Final Judgment.

12.      Without affecting the finality of this Final Judgment in any way, this Court hereby expressly retains exclusive jurisdiction as follows: (a) with respect to implementation and

enforcement of the terms of the Settlement Stipulation, and the administration and consummation of the Settlement embodied therein; (b) as to disposition of the Settlement Fund and any interest earned thereon; (c) as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Stipulation and this Final Judgment; and (d) for any other necessary purpose.

13.     The Court, without affecting the Effective Date of the Settlement or the finality of this Final Judgment for purposes of appeal, retains jurisdiction as to any award of attorneys' fees and expenses to Lead Counsel on behalf of Plaintiffs' Counsel and any case contribution or other award of costs and expenses to the Lead Plaintiff.

14.     Any Plan of Allocation of the Net Settlement Fund submitted by Lead Counsel or any order entered regarding the fee and expense award shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

15.     The Parties may, without notice to or further approval from the Court, enter into written agreements that amend, modify or expand the Settlement Stipulation and its implementing documents (including the exhibits to the Settlement Stipulation), provided that such amendments, modifications, or expansions of the Settlement Stipulation are not materially inconsistent with this Final Judgment and do not (a) materially limit the rights of Settlement Class Members under the Settlement Stipulation; or (b) materially limit the rights of the Released Parties under the Settlement Stipulation.

16.     This Final Judgment, the Settlement Stipulation (whether or not it is consummated and whether or not it is terminated), or any of their provisions, any negotiations, or proceedings or agreements relating to the Settlement Stipulation and the Settlement, or any

matter arising in connection with such negotiations, proceedings or agreements, or any act performed or document executed pursuant to or in furtherance of this Settlement Stipulation:

(a)     shall not be offered or received against the Defendants or any other Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiff or any other plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been, could have been or could be asserted in the Action or in any proceeding, or of any liability, negligence, fault, or wrongdoing of Defendants or the Released Parties;

(b)     shall not be offered or received against Defendants or the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or any of the Released Parties;

(c)     shall not be offered or received against Defendants or the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants or Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against Defendants or the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount

which could be or would have been recovered after trial or of the validity of any claims in the
Action or of any wrongdoing; and

        (e)      shall not be construed as or received in evidence as an admission,
concession or presumption against Lead Plaintiff or any of the Settlement Class Members that
any of their claims are without merit, or that any defenses asserted by Defendants or any other
Released Party have any merit, or that damages recoverable under the Complaint would not have
exceeded the Gross Settlement Fund.

        17.      This judgment constitutes the final discharge of all obligations of Settling
Defendants to the Settlement Class arising out of the Action.  The terms of Settlement and this
Final Judgment and Order shall be forever binding on the Lead Plaintiff and Settlement Class
Members and shall have res judicata and other preclusive effect in all pending and future claims,
litigation, or other proceedings maintained by or on behalf of the Lead Plaintiff or any Settlement
Class Member to the extent those claims, litigation, or other proceedings involve or arise from,
indirectly or directly, any of the Settled Claims.  Any Party may file the Settlement Stipulation
and/or this Final Judgment in any action that may be brought to enforce the terms of this
Settlement Stipulation and/or this Final Judgment.

        18.      The terms and provisions of the Settlement Stipulation and of this Final Judgment
are binding on Lead Plaintiff and all other Settlement Class Members, as well as their affiliates
heirs, executors, agents, attorneys, administrators, beneficiaries, predecessors, successors, and
assigns, and any Persons they represent (in their capacity as such), and they are hereby
permanently barred and enjoined from asserting, instituting, commencing, continuing, or
prosecuting either directly or indirectly, representatively, derivatively or in any other capacity,
any Settled Claims (including Unknown Claims) against any Released Person; *provided,*

*however,* that this Final Judgment shall not bar any action or claim to enforce the terms of the Settlement as approved by the Court or this Final Judgment.

19.     Upon the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may cause to be paid out of the Settlement Account any unpaid costs or expenses associated with the mailing, publication or other dissemination of the Settlement Notice or Publication Notice.

20.     Any proceeding, order or appeal pertaining solely to the Plan of Allocation and/or application for attorneys' fees, costs, or awards, shall not in any way delay or preclude the Effective Date.

21.     If the Effective Date does not occur, then:

(a)     this Final Judgment and any order or judgment entered after the date of the Settlement Stipulation that relates to the Settlement Stipulation, shall be null and void and shall have no force or effect;

(b)     the Settlement Stipulation shall be null and void and shall have no force or effect, and no Party to the Settlement Stipulation shall be bound by any of its terms, except for the terms of paragraphs 24 and 25 of the Settlement Stipulation;

(c)     Lead Counsel shall, within fifteen (15) business days, return to Sonus, in accordance with the instructions of Sonus's counsel, any portion of the Settlement Amount previously paid by Sonus on behalf of all Defendants (plus any interest accrued thereon), less (i) any costs paid or incurred by the Gross Settlement Fund as of the date of the Termination Notice to provide Notice to the Settlement Class, as required by the Order for Notice and Hearing and (ii) any Taxes paid or due with respect to such income.

(d)     the Settlement Stipulation, all of its provisions, and all negotiations,
statements, documents and proceedings relating to it shall be without prejudice to the rights of
Defendants, Lead Plaintiff, or any Settlement Class Member, all of whom shall be restored to
their respective positions vis-à-vis each other as they existed immediately before the execution
by the Parties of the October 3, 2008 Memorandum of Understanding; and

(e)     neither the Settlement Stipulation, nor the fact of its having been made,
nor any documents prepared and statements made in connection therewith shall be referred to,
admissible in or introduced or entered into evidence in any other way for any purpose
whatsoever in the Action or in any other action or proceeding.

22.     All agreements made during the course of the Action, relating to the
confidentiality of documents or other information produced in the Action shall survive the
Settlement Stipulation and this Final Judgment.

IT IS SO ORDERED.

Dated:          Boston, Massachusetts
                <u>June 16</u>, 2009

                                      <u>/s/ Mark L. Wolf</u>
                                      HONORABLE MARK L. WOLF
                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**SONUS EXCLUSION REQUESTS**

| DATE RECEIVED | NAME OF CLAIMANT | ADDRESS | DATES OF PURCHASE | PRICE PER SHARE | # OF SHARES |
|---|---|---|---|---|---|
| 4/27/2009 | Mr and Mrs Jon Kayyem Trustees for:<br><br>IFIN, LP-MC;<br><br><br>HI Charitable REM-MC. | 1137 Parkview Avenue<br>Pasadena, CA 91103 | 8/15/2001 | $17.81 | 110 |
| | | | 9/10/2001 | 10.6 | 190 |
| | | | 11/30/2001 | $5.01 | 350 |
| | | | 11/30/2001 | $5.01 | 5 |
| | | | 6/13/2001 | $24.61 | 550 |
| | | | 9/10/2001 | $10.60 | 200 |
| | | | | TOTAL | 1,405.00 |